FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2026 OCT -7 PM 4:39
JEFFREY P. COLWELL
CLERK
BY_________DEP. CLK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Civil Action No. ____________________**

**LAURIE KING,**
*Plaintiff,*

**v.**

1. **OFFICER JACK PHILACHANH**, badge #6598, individually and in his official capacity as an officer of the Commerce City Police Department;
2. **DETECTIVE MARLENYE PORRAS**, badge #4791, individually and in her official capacity as an investigator of the Commerce City Police Department;
3. **OFFICER JOCELYN HERNANDEZ**, badge #5133, individually and in her official capacity as an officer of the Commerce City Police Department;
4. **CITY OF COMMERCE CITY**, a Colorado municipal corporation;
5. **AGENT HALEY BOURDON**, badge #2209, individually and in her official capacity as an officer of the Lakewood Police Department;
6. **AGENT MARIUS ROSU**, badge #2231, individually and in his official capacity as an officer of the Lakewood Police Department;
7. **SERGEANT/AGENT PATRICK DUNLEVY**, badge #1947, individually and in his official capacity as a supervisory officer of the Lakewood Police Department;
8. **CITY OF LAKEWOOD**, a Colorado municipal corporation;
9. **DEPUTY JOSEF MANWARING**, badge #2515, individually and in his official capacity as a deputy of the Jefferson County Sheriff's Office;
10. **JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS**; and
11. **ROY ALLEN COLEMAN, JR. (a/k/a ROY COLMAN)**, an individual,
    *Defendants.*

---

# COMPLAINT AND JURY DEMAND

**(42 U.S.C. § 1983 - Civil Rights Violations)**

Plaintiff Laurie King, proceeding pro se, respectfully files this Complaint and Jury Demand against the above-named Defendants and alleges as follows:

---

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Colorado common law, arising from the unconstitutional, retaliatory, and malicious criminal investigation, arrest, and prosecution of Plaintiff Laurie King.
2. At all relevant times, Plaintiff was the protected party under a valid mandatory protection order restraining Defendant Roy Coleman following his criminal conduct against Plaintiff. In retaliation, Defendant Coleman engaged in a systematic campaign of fabricating claims and spoofing/manufacturing electronic records to weaponize law enforcement against Plaintiff.
3. Despite having immediate, verified CCIC knowledge that Coleman was the restrained party under a protection order for stalking and harassing Plaintiff, Defendant law enforcement officers from the Commerce City Police Department, Lakewood Police Department, and Jefferson County Sheriff's Office abandoned basic investigative standards, failed to perform phone or digital forensic verifications, made false and misleading statements in warrant affidavits, unlawfully breached and entered Plaintiff's home without a search warrant, and pursued criminal charges that were ultimately dismissed and terminated completely in Plaintiff's favor.

---

## II. JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.
5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).
7. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because all events, acts, and omissions giving rise to the claims occurred within this judicial district.

---

## III. PARTIES

8. Plaintiff Laurie King is an individual and resident of Jefferson County, State of Colorado.
9. Defendant Jack Philachanh, badge #6598, was at all times relevant an officer employed by the Commerce City Police Department, acting under color of state law. He is sued in his individual and official capacities.
10. Defendant Marlenye Porras, badge #4791, was at all times relevant a detective employed by the Commerce City Police Department, acting under color of state law. She is sued in her individual and official capacities.
11. Defendant Jocelyn Hernandez, badge #5133, was at all times relevant an officer employed by the Commerce City Police Department, acting under color of state law. She is sued in her individual and official capacities.
12. Defendant City of Commerce City is a Colorado municipal corporation amenable to suit under 42 U.S.C. § 1983.
13. Defendant Haley Bourdon, badge #2209, was at all times relevant an agent/officer employed by the Lakewood Police Department, acting under color of state law. She is sued in her individual and official capacities.
14. Defendant Marius Rosu, badge #2231, was at all times relevant an agent/officer employed by the Lakewood Police Department, acting under color of state law. He is sued in his individual and official capacities.
15. Defendant Patrick Dunlevy, badge #1947, was at all times relevant a supervisory agent/officer employed by the Lakewood Police Department, acting under color of state law. He is sued in his individual and official capacities.
16. Defendant City of Lakewood is a Colorado municipal corporation amenable to suit under 42 U.S.C. § 1983.

17. Defendant Josef Manwaring, badge #2515, was at all times relevant a deputy sheriff employed by the Jefferson County Sheriff's Office, acting under color of state law. He is sued in his individual and official capacities.
18. Defendant Jefferson County Board of County Commissioners is the statutory municipal body amenable to suit for the policies, customs, and practices of Jefferson County and its Sheriff's Office.
19. Defendant Roy Allen Coleman, Jr. (a/k/a Roy Colman) is an individual residing in the State of Colorado.

---

## IV. FACTUAL ALLEGATIONS

### *A. The Existing Protection Order and Stalker Retaliation*

20. In early 2023, following criminal harassment and stalking by Defendant Roy Coleman, a Mandatory Protection Order was issued against Coleman (Court Docket D0302023CR000056) specifically naming Plaintiff Laurie King as the protected party.
21. Under the terms of the order, Coleman was strictly restrained from assaulting, threatening, harassing, following, or communicating directly or indirectly with Plaintiff.
22. Furthermore, in Jefferson County Court Case No. 2023C807, a civil judgment of $24,296.00 was entered in favor of Plaintiff Laurie King against Roy Coleman and his associate on September 8, 2023 for damages.
23. In direct retaliation, Defendant Coleman weaponized law enforcement agencies by repeatedly fabricating claims that Plaintiff was harassing him.

### *B. Commerce City Police Department Investigation (Case # 23-7202; Adams County Case No. 2023M4077)*

24. On August 7, 2023, Commerce City Police Department dispatch received a call from Roy Coleman alleging telephone harassment.
25. CCIC/NCIC queries immediately notified Officer Philachanh that Roy Coleman was the subject of an active Mandatory Protection Order where Plaintiff Laurie King was the protected person.

26. Officer Philachanh contacted Coleman by phone. Coleman provided unauthenticated screenshots of alleged text messages and unverified photos of a van without visible license plates or an identifiable driver.
27. When Officer Philachanh contacted Plaintiff by telephone, Plaintiff denied sending threatening text messages, informed the officer that Coleman was fabricating claims, and noted that Coleman was the restrained party.
28. Officer Philachanh demanded that Plaintiff provide her personal text messages and records to prove her innocence. When Plaintiff could not provide records of messages she never sent, Defendant officers treated her refusal to disprove fabricated claims as an admission of guilt.
29. Without issuing a search warrant or subpoena to telecommunications providers to verify whether the alleged messages originated from Plaintiff's phone, and in reckless disregard of Coleman's credibility and active restraining order, Detective Marlenye Porras submitted an Application and Affidavit for Arrest Warrant against Plaintiff (Adams County Case No. 2023M4077).
30. The affidavit contained material omissions—specifically failing to disclose to the issuing magistrate the full context of Coleman's active protective order, his motive to retaliate, and the lack of independent telecommunications corroboration.

*C. Unlawful Entry and Seizure by Lakewood Police Department (October 2, 2023; Case # LK23-027498)*

31. On October 2, 2023, Lakewood Police Department officers, including Agent Bourdon, Agent Rosu, and Supervisor Dunlevy, went to Plaintiff's residence in Lakewood, Colorado to execute the Adams County misdemeanor warrant.
32. The officers did not possess a search warrant for Plaintiff's home.
33. Over Plaintiff's objections, Defendants breached the screen door and forcibly entered Plaintiff's home without a warrant, exigent circumstances, or consent.
34. Defendants seized and arrested Plaintiff inside her residence in direct violation of the Fourth Amendment to the United States Constitution.

*D. Favorable Termination of Adams County Prosecution*

35. Plaintiff was forced to retain criminal defense counsel and expend extensive financial resources to obtain certified telecommunications records disproving the fabricated allegations.

36. Upon presentation of exculpatory evidence showing the calls and texts did not originate from Plaintiff's device, the criminal charges in Adams County Court Case No. 2023M4077 were completely dismissed in Plaintiff's favor on or about October 8, 2024.
37. An Order to Seal the record was subsequently entered by the Court.

***E. Jefferson County Sheriff's Office Prosecution (Case No. 2024M1954 / Report # 24-3267)***

38. Despite the complete collapse of the Adams County charges, Defendant Coleman continued his campaign of harassment by reporting fabricated text violations to the Jefferson County Sheriff's Office in early 2024.
39. Deputy Josef Manwaring pursued criminal charges against Plaintiff for alleged Violation of a Protection Order (C.R.S. § 18-6-803.5) based solely on Coleman's unverified representations.
40. On November 5, 2024, all charges against Plaintiff in Jefferson County Case No. 2024M1954 were dismissed entirely in Plaintiff's favor, and an Order to Seal was granted on November 7, 2024.

---

## V. CAUSES OF ACTION

***COUNT I: 42 U.S.C. § 1983 – Fourth Amendment Malicious Prosecution***

*(Against Defendants Philachanh, Porras, Hernandez, Manwaring, Bourdon, Rosu, and Dunlevy)*

41. Plaintiff incorporates all preceding paragraphs.
42. Defendants initiated, encouraged, and participated in the commencement and continuation of criminal proceedings against Plaintiff without arguable probable cause.
43. Defendants acted with reckless disregard for the truth by relying on an inherently suspect, legally restrained individual without basic objective verification.
44. The criminal proceedings terminated in Plaintiff's favor on October 8, 2024 and November 5, 2024.
45. As a direct result, Plaintiff suffered deprivation of liberty, loss of constitutional rights, emotional distress, severe financial injury, and damage to reputation.

***COUNT II: 42 U.S.C. § 1983 – Fourth Amendment Unlawful Entry, Search, and Seizure***

*(Against Defendants Bourdon, Rosu, Dunlevy, and City of Lakewood)*

46. Plaintiff incorporates all preceding paragraphs.
47. On October 2, 2023, Defendants Bourdon, Rosu, and Dunlevy breached the threshold of Plaintiff's residence and entered without a search warrant, exigent circumstances, or consent.
48. This warrantless entry and resulting seizure violated Plaintiff's clearly established rights under the Fourth Amendment.

***COUNT III: 42 U.S.C. § 1983 – Fourteenth Amendment Fabrication of Evidence / Deprivation of Due Process***

*(Against Defendants Philachanh, Porras, Hernandez, and Manwaring)*

49. Plaintiff incorporates all preceding paragraphs.
50. Defendants knowingly or with reckless disregard utilized and forwarded falsified reports and fabricated electronic evidence into warrant affidavits and charging documents, causing Plaintiff's deprivation of liberty without due process of law.

***COUNT IV: Monell Municipal Liability***

*(Against Defendants City of Commerce City, City of Lakewood, and Jefferson County Board of County Commissioners)*

51. Plaintiff incorporates all preceding paragraphs.
52. The constitutional violations committed against Plaintiff were caused by customs, policies, and systemic failures to adequately train and supervise law enforcement personnel regarding domestic violence/stalking victim protections, verification of digital/spoofed evidence, and Fourth Amendment entry limits.

***COUNT V: State Law Claims – Malicious Prosecution, Abuse of Process, and Intentional Infliction of Emotional Distress (IIED)***

*(Against Defendant Roy Allen Coleman, Jr.)*

53. Plaintiff incorporates all preceding paragraphs.

54. Defendant Coleman intentionally, willfully, and maliciously abused judicial and law enforcement processes by manufacturing evidence and filing false police reports to retaliate against Plaintiff.
55. Coleman's conduct was extreme, outrageous, and executed with the intention of causing severe emotional distress, resulting in Plaintiff's wrongful arrests and financial ruin.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Laurie King respectfully requests judgment against Defendants as follows:

a. Actual and compensatory damages according to proof at trial;
b. Special damages, including legal fees incurred defending the wrongful criminal charges, bond expenses, and financial losses;
c. Punitive and exemplary damages against individual Defendants in their personal capacities;
d. Reasonable attorney's fees, expert fees, and litigation costs pursuant to 42 U.S.C. § 1988;
e. Pre-judgment and post-judgment interest as provided by law; and
f. Such other and further relief as this Court deems just and equitable.

---

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted this 6th day of October, 2026.

**Laurie King, Plaintiff Pro Se**
9685 W 14th Pl
Lakewood, CO 80215

Phone: (720) 722-2811
Email: lauriekingrealestate@gmail.com